PACIFIC INTER-CLUB YACHT ASSO-
CIATION, a Corporation, Appellant,

v.

H. A. MORRIS, District Engineer, T. H.
Richards, Jr., Carl F. Wente, William P.
Elser, Henry Clineschmidt and James
H. Smith, Members of the Fish and
Game Commission of the State of Cal-
ifornia, et al., Appellees.

No. 17019.

United States Court of Appeals
Ninth Circuit.

April 10, 1961.

J. Warren Manuel, Oakland, Cal., for
appellant.

Laurence E. Dayton, U. S. Atty., San
Francisco, Cal., Keith R. Ferguson, Sp.

Asst. to Atty. Gen., for appellee H. A.
Morris, Dist. Engineer.

Stanley Mosk, Atty. Gen. of California,
Ralph W. Scott, Deputy Atty. Gen., for
appellees Richards and others.

James M. Shumway, County Counsel,
Fairfield, Cal., for appellees Kilby and
others.

Before ORR, HAMLIN, and MER-
RILL, Circuit Judges.

PER CURIAM.

The trial court dismissed an action
instituted by appellant seeking to enjoin
appellees from constructing a bridge
across Montezuma Slough, situate in So-
lano County, State of California. Appel-
lant duly appealed to this court from the
judgment of dismissal but did not obtain
a stay either in the trial court or in this
court, as a consequence of which the
bridge has been constructed. It is con-
tended that the construction of the
bridge renders the subject matter of the
appeal before this court moot. A motion
was filed by appellee asking that the ap-
peal be dismissed on that ground. The
motion was heard by a different panel of
this court. That panel denied the motion
without prejudice to its again being pre-
sented at the time of the hearing on the
merits.

■■ We see no question of law or
fact involved in the instant appeal the de-
termination of which would be helpful in
a subsequent case of this character.
The controversy revolves around the
question of whether a proper notice of
hearing was given and a proper hearing
had before the permit to construct the
bridge was issued by the Chief of En-
gineers and the Secretary of the Army.
The legality of the issuance of each per-
mit would be determined by the particu-
lar facts of each case. The law seems.
clear as to what is required. See 5 U.S..
C.A. § 1001 et seq.

Appellant relies on the case of Ameri-
can Civil Liberties Union v. Board of
Education, 55 Cal.2d ——, 10 Cal.Rptr.
647. In that case the California Supreme
Court ruled on a petition for a restrain-

ing order to permit the use of public school facilities for public meetings, even though the requested meeting dates had passed, because the court felt there was a continuing right of the petitioner to make similar applications for the use of the school facilities for its meetings, which applications would raise the same important questions. We find no such continuing right here. Furthermore, no important public questions are involved which would have effect upon future appeals.

Appeal dismissed.